UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---------------------------------------------------------------- X
RIGOBERTO ANDUX MIRABAL, GABRIEL  |
CANO ARANGO, YOAN AQUINO          |
MARTINEZ, LUCAS PEDRONZO TOLEDO,  |
JULIO CESAR OCHOA, NELSON BATISTA | **Civil Action**
CORBO, WILLIAM RICARDO ANTUNEZ    |
VALDEZ, and THE ESTATE OF CARLOS  |
ALBERTO on behalf of themselves and all others | Index No.:
similarly situated who were employed by |
Caribbean Car Wash, Inc.          |
                                  |
            **Plaintiffs,**       |
     - against -                  |
                                  |
                                  |
CARIBBEAN CAR WASH, INC., ULPIANO |
RODRIGUEZ, ROBERTO RODRIGUEZ, and |
OMAR RODRIGUEZ,                   |
                                  |
            **Defendants,**       |
                                  |
---------------------------------------------------------------- X

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiffs Rigoberto Andux Mirabal ("Mirabal"), Gabriel Cano Arango ("Arango"), Yoan Aquino Martinez ("Martinez"), Lucas Alberto Pedronzo Toledo ("Toledo"), Julio Cesar Ochoa ("Ochoa"), Nelson Batista Corbo ("Corbo"), William Ricardo Antunez Valdez ("Valdez"), and the Estate of Carlos Alberto ("Alberto") (collectively, the "Named Plaintiffs"), individually and on behalf of those similarly situated (collectively "Plaintiffs"), by and through their attorneys, Arenson, Dittmar and Karban, as and for their Complaint against Defendants Caribbean Car Wash, Inc. ("CCW"), Ulpiano Rodriguez ("Ulpiano") , Roberto Rodriguez ("Roberto"), and Omar Rodriguez ("Omar"), (collectively

"Defendants") upon personal knowledge as to themselves and upon information and belief, allege as follows:

## NATURE OF THE ACTION

1. This action arises out of Defendants' failure to pay Plaintiffs the minimum wage, overtime compensation, and other monies, as required by the Fair Labor Standards Act, 29 U.S.C §§ 201, *et seq.*, ("FLSA") and the New Jersey Wage and Hour Law, N.J.S.A. §§ 34:11-56a4 *et seq.* ("NJWHL").

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction over Plaintiffs' state law claims pursuant to pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

3. This Court is empowered to issue declaratory relief under 28 U.S.C. §§ 2201 and 2202.

4. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b), because all or a substantial part of the events or omissions giving rise to the claims occurred in the District of New Jersey.

## PARTIES

5. Plaintiffs are individuals residing in the State of New Jersey who were employees of Defendants.

6. Upon information and belief, Defendant CCW is a business incorporated in the State of New Jersey, with its principal place of business at 520 Elizabeth Ave, Elizabeth, NJ 07206.

7. Upon information and belief, at all relevant times, Defendant CCW has had gross sales or business in excess of $500,000 annually.

8. Upon information and belief, the Defendant CCW is engaged in interstate commerce.

9. Upon information and belief, Defendant Ulpiano is a resident of the State of New Jersey and is the President of Defendant CCW.

10. Upon information and belief, Defendant Roberto is a resident of the State of New Jersey and is a manager of Defendant CCW.

11. Upon information and belief, Defendant Omar is a resident of the State of New Jersey and is the Vice-President of Defendant CCW.

## COLLECTIVE ALLEGATIONS

12. The Named Plaintiffs bring the First and Third claims in this action against Defendants as a collective action pursuant to the F.L.S.A., 29 U.S.C. § 216(b), on behalf of themselves and all other similarly situated current and former non-exempt employees who have worked, and/or continue to work, for Defendants CCW at any time during the three years prior to the filing of this action through the entry of judgment in this action (the "FLSA Collective").

13. At all relevant times, the Named Plaintiffs and the FLSA Collective have been similarly situated, have been governed by similar pay practices and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them, among other things, the minimum wage and overtime compensation.

14. Defendants are liable under the FLSA for, inter alia, failing to properly compensate Plaintiffs and the FLSA Collective, and as such, notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

15. The FLSA Collective consists of numerous similarly situated current and former employees of Defendants who were subject to the conduct complained of herein and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the action. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## **CLASS ALLEGATIONS**

16. This action is properly maintainable as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

17. One or more of the Named Plaintiffs bring this action on behalf of themselves and a class consisting of all similarly situated persons who perform or have performed work for the Defendants, washing, cleaning, drying and detailing cars, trucks and other vehicles, and performing other non-managerial car-wash-related work, since August 13, 2013 (the "Putative Class").

18. The Putative Class is so numerous that joinder of all members is impracticable.

19. The precise size of the Putative Class is unknown to Plaintiffs. The facts on which the calculation of that number can be based presently are within the sole control of the Defendants. In addition, the names of all potential members of the Putative Class are not known.

20. Upon information and belief, the size of the Putative Class is in excess of 40 individuals.

21. The questions of law and fact common to the Putative Class predominate over any questions affecting only individual members. Such questions include:

   a. Whether Defendants failed to pay Plaintiffs the minimum wage, pursuant to the FLSA and the NJWHL;

    b. Whether Defendants failed to pay Plaintiffs overtime compensation, pursuant to the FLSA and the NJWHL;

    c. Whether the Defendants are liable for damages claimed hereunder, including but not limited to compensatory damages, liquidated damages, costs and disbursements and attorneys' fees; and

    d. Whether the Defendants should be enjoined from engaging in such practices in the future.

22. The claims of one or more of the Named Plaintiffs are typical of the claims of the Putative Class.

23. The Named Plaintiffs and their counsel will fairly and adequately protect the interests of the Putative Class.

24. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## STATEMENT OF FACTS

### FACTS COMMON TO ALL PLAINTIFFS

25. Upon information and belief, since at least approximately 2002, Defendants have employed numerous individuals as car washers, cleaners, driers, detailers, and other occupations related to the car-wash business.

26. Upon information and belief, Defendants Ulpiano, Roberto and Omar have made the decisions for Defendant CCW, including decisions regarding hiring, firing, payment of wages, assignment of work, contractual matters, and all other administrative and company policy matters, either directly or through agents.

27. Upon information and belief, Defendants Ulpiano, Roberto and Omar have actively managed, supervised, and directed, and continue to actively manage, supervise and direct, the business and operations of Defendant CCW, either directly or through agents.

28. Upon information and belief, Defendants Ulpiano, Roberto and Omar have maintained records of Plaintiffs' employment and pay, either directly or through agents.

29. Upon information and belief, Defendants Ulpiano, Roberto and Omar have maintained an office on the premises of the car wash where Plaintiffs worked.

30. In sum, Defendants Ulpiano, Roberto and Omar have exercised complete dominion and control over Defendant CCW.

31. Upon information and belief, at all relevant times, Defendants acted as Plaintiffs' employers, within the meaning contemplated pursuant to 29 U.S.C. § 203(d) and N.J.S.A. §§ 34:11-56a1.

32. Upon information and belief, at all relevant times, Plaintiffs were employees of Defendants within the meaning contemplated pursuant to 29 U.S.C. § 203(e) and N.J.S.A. §§ 34:11-56a1.

33. Upon information and belief, at all relevant times, the activities of Defendant CCW constituted an "enterprise," within the meaning of Sections 3(r) and 3(s) of the FLSA, 29 U.S.C.§§ 203(r), (s).

34. Upon information and belief, Defendant CCW is an "enterprise engaged in commerce" within the meaning contemplated pursuant to 29 U.S.C. § 201 et seq., and the cases interpreting it.

35. Upon information and belief, Defendants Ulpiano, Roberto and Omar managed and exercised control over the Named Plaintiffs, either directly or through agents.

36. Upon information and belief, Plaintiffs regularly were required to perform work for Defendants without receiving proper minimum wages and overtime compensation as required by applicable federal and state law.

37. Upon information and belief, the payments made to Plaintiffs by Defendants constitute "wages" as that term is defined under 29 U.S.C. § 203(m) and N.J.S.A. §§ 34:11-56a1.

38. Upon information and belief, Defendants engaged in a regular pattern and practice of permitting the unlawful taking of tipped employees' earned tips by management employees in violation of the FLSA.

39. Upon information and belief, Defendants never advised Plaintiffs of the tip credit provisions pursuant to the FLSA and the cases interpreting it.

40. Upon information and belief, Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NJWHL by failing to maintain proper and complete timesheets or payroll records.

41. Upon information and belief, Defendants failed to comply with N.J.A.C. 12:56-4.6, which requires employers of employees who receive gratuities to "maintain and preserve payroll or other records containing the total gratuities received by each employee during the payroll week."

42. As part of their regular business practices, Defendants intentionally, willfully, and repeatedly have engaged in a policy, pattern, and/or practice of violating the FLSA and NJWHL. This policy, pattern, and/or practice has included but is not limited to:

    a. failing to pay all tips received by its tipped employees to those employees in occupations which "customarily and regularly receive tips" by permitting the taking of tips and gratuities by management personnel;

    b. failing to provide required notice of the tip credit provisions of the FLSA;

    c. failing to pay Plaintiffs the proper minimum wage for each hour worked; and

    d. failing to pay Plaintiffs the proper overtime compensation at the rate of one and one-half times the regular rate for work in excess of forty (40) hours per workweek.

### PLAINTIFF RIGOBERTO ANDUX MIRABAL

43. Defendants employed Plaintiff Mirabal from approximately June 15, 2016 through approximately June 15, 2017.

44. Throughout his employment, Plaintiff Mirabal typically worked from approximately 8:00 a.m. to 7:00 p.m., Mondays through Fridays and from approximately 7:00 a.m. to 7:00 p.m. on Saturdays.

45. Defendants typically paid Plaintiff Mirabal approximately $325 per week, two weeks a month, and approximately $350 per week, two weeks a month.

46. Defendants failed to pay Plaintiff Mirabal the proper minimum wage.

47. Throughout his employment, Defendants failed to pay Plaintiff Mirabal the proper overtime compensation at the rate of one-and-one-half times the regular rate for work in excess of forty (40) hours per workweek.

### PLAINTIFF GABRIEL CANO ARANGO

48. Defendants employed Plaintiff Arango from approximately August 20, 2017 through approximately December 23, 2018.

49. From approximately August 20, 2017 through approximately October 7, 2017, Plaintiff Arango worked approximately 60 hours per week, on average.

50. From approximately October 8, 2017 through approximately December 23, 2018, Plaintiff Arango typically worked over 45 hours per week.

51. Defendants typically paid Plaintiff Arango at a regular rate of $7 per hour.

52. Throughout his employment, Defendants failed to pay Plaintiff Arango the proper minimum wage.

53. Throughout his employment, Defendants failed to pay Plaintiff Arango the proper overtime compensation at the rate of one-and-one-half times the regular rate for work in excess of forty (40) hours per workweek.

### PLAINTIFF YOAN AQUINO MARTINEZ

54. Defendants employed Plaintiff Martinez from approximately November 2015 through approximately October 5, 2017.

55. Throughout his employment, Plaintiff Martinez typically worked 7 days a week, from approximately 8:00 a.m. to 7:00 p.m., Mondays through Fridays, from approximately 7:00 a.m. to 7:00 p.m. on Saturdays and from approximately 8:00 a.m. to 5:00 p.m. on Sundays.

56. Throughout his employment, Plaintiff Martinez was typically paid approximately $6 per hour.

57. Throughout his employment, Defendants failed to pay Plaintiff Martinez the proper minimum wage.

58. Throughout his employment, Defendants failed to pay Plaintiff Martinez the proper overtime compensation at the rate of one and one-half times the regular rate for work in excess of forty (40) hours per workweek.

### PLAINTIFF LUCAS ALBERTO PEDRONZO TOLEDO

59. Defendants employed Plaintiff Toledo from approximately July 2013 through approximately May 1, 2018.

60. From approximately July 2013 through approximately February 2018, Plaintiff Toledo typically worked from approximately 2:00 p.m. to 7:00 p.m., Mondays through Fridays and from approximately 7:00 a.m. to 7:00 p.m. on Saturdays.

61. From approximately March 2018 through approximately May 1, 2018, Plaintiff Toledo typically worked from approximately 2:00 p.m. to 6:00 p.m., Mondays through Fridays and from approximately 7:00 a.m. to 7:00 p.m. on Saturdays.

62. Throughout his employment, Defendants typically paid Plaintiff Toledo approximately $6 per hour.

63. Throughout his employment, Defendants failed to pay Plaintiff Toledo the proper minimum wage.

### PLAINTIFF JULIO CESAR OCHOA

64. Defendants employed Plaintiff Ochoa from approximately November 14, 2012 through approximately February 2, 2019.

65. From approximately November 14, 2012 through approximately February 2018, Plaintiff Ochoa typically worked 6 days a week with Thursdays off, from approximately 8:00 a.m. to 7:00 p.m. Monday through Friday, from approximately 7:00 a.m. to 7:00 p.m. on Saturdays, and from approximately 8:00 a.m. to 5:00 p.m. on Sundays.

66. From approximately March 2018 through approximately February 2, 2019, Plaintiff Ochoa typically worked 6 days a week with Thursdays off, from approximately 8:00 a.m. to 6:00 p.m. Monday through Friday, from approximately 7:00 a.m. to 7:00 p.m. on Saturdays, and from approximately 8:00 a.m. to 5:00 p.m. on Sundays.

67. Throughout his employment, Defendants typically paid Plaintiff Ochoa approximately $380 per week.

68. Throughout his employment, Defendants failed to pay Plaintiff Ochoa the proper minimum wage.

69. Throughout his employment, Defendants failed to pay Plaintiff Ochoa the proper overtime compensation at the rate of one and one-half times the regular rate for work in excess of forty (40) hours per workweek.

### PLAINTIFF NELSON DANIEL BATISTA CORBO

70. Defendants employed Plaintiff Corbo during various periods from approximately 2002 through approximately February 14, 2018.

71. From approximately January 2013 through approximately December 31, 2014, Plaintiff Corbo typically worked 6 days per week, from approximately 7:00 a.m. to 7:00 p.m., Mondays through Saturdays, and from approximately 8:00 a.m. to 5:00 p.m. on Sundays.

72. Plaintiff Corbo did not work for Defendants form approximately January 1, 2014 through approximately June 30, 2016.

73. From approximately July 1, 2016 through approximately August 2017, Plaintiff Corbo typically worked from approximately 8:00 a.m. to 7:00 p.m., Mondays through Fridays, from approximately 7:00 a.m. to 7:00 p.m. on Saturdays and from approximately 8:00 a.m. to 5:00 p.m. on Sundays.

74. From approximately September 2017 through approximately February 14, 2018, Plaintiff Corbo typically worked from approximately 8:00 a.m. to 7:00 p.m., Mondays through Fridays and from approximately 7:00 a.m. to 7:00 p.m. on Saturdays.

75. From approximately August 2013 through approximately December 31, 2013, Defendants paid Plaintiff Corbo approximately $500 per week.

76. From approximately January 1, 2014 through approximately December 31, 2014, Defendants paid Plaintiff Corbo approximately $9 per hour.

77. From approximately July 1, 2016 through approximately February 14, 2018, Defendants paid Plaintiff Corbo approximately $8 per hour.

78. From approximately July 1, 2016 through approximately February 14, 2018, Defendants failed to pay Plaintiff Corbo the proper minimum wage.

79. Throughout his employment, Defendants failed to pay Plaintiff Corbo the proper overtime compensation at the rate of one and one-half times the regular rate for work in excess of forty (40) hours per workweek.

### PLAINTIFF WILLIAM RICARDO ANTUNEZ VALDEZ

80. Defendants employed Plaintiff Valdez from approximately November 1, 2013 through approximately June 24, 2018.

81. Throughout his employment, Plaintiff Valdez typically worked 7 days a week, from approximately 8:00 a.m. to 5:00 p.m. Mondays through Fridays, from approximately 8:00 a.m. to 6:00 p.m. on Saturdays, and from approximately 8:00 a.m. to 5:00 p.m. on Sundays.

82. From approximately November 1, 2013 through approximately February 2017, Defendants paid Plaintiff Valdez approximately $6 per hour.

83. From approximately March 2017 through approximately June 24, 2018, Defendants paid Plaintiff Valdez approximately $7 per hour.

84. Throughout his employment, Defendants failed to pay Plaintiff Valdez the proper minimum wage.

85. Throughout his employment, Defendants failed to pay Plaintiff Valdez the proper overtime compensation at the rate of one and one-half times the regular rate for work in excess of forty (40) hours per workweek.

### PLAINTIFF CARLOS ALBERTO

86. Defendants employed Plaintiff Alberto from at least January 1, 2012 through approximately June 6, 2018.

87. From approximately January 1, 2012 through approximately February 2018, Plaintiff Alberto typically worked 7 days a week, from approximately 8:00 a.m. to 7:00 p.m. Mondays through Fridays, from approximately 7:00 a.m. to 7:00 p.m. on Saturdays, and from approximately 8:00 a.m. to 5:00 p.m. on Sundays.

88. From approximately March 2018 through approximately June 6, 2018, Plaintiff Alberto typically worked 7 days a week, from approximately 8:00 a.m. to 6:00 p.m., Mondays through Fridays, from approximately 7:00 a.m. to 7:00 p.m. on Saturdays, and from approximately 8:00 a.m. to 5:00 p.m. on Sundays.

89. From approximately Januauy 1, 2012 through approximately December 31, 2017, Defendants paid Plaintiff Albert approximately $7.50 per hour.

90. From approximately January 2018 through approximately June 6, 2018, Defendants paid Plaintiff Albert approximately $9 per hour.

91. From approximately January 1, 2012 through approximately December 31, 2017, Defendants failed to pay Plaintiff Alberto the proper minimum wage.

92. Throughout his employment, Defendants failed to pay Plaintiff Alberto the proper overtime compensation at the rate of one and one-half times the regular rate for work in excess of forty (40) hours per workweek.

## FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT – UNPAID MINIMUM WAGE

93. Plaintiffs repeat, re-allege and incorporate by reference the foregoing allegations as if set forth fully and again herein.

94. Named Plaintiffs have consented to be parties to this action pursuant to 29 U.S.C. § 216(b).

95. Defendants have engaged in a widespread pattern and practice of violating the FLSA, as detailed in this complaint.

96. Defendants cannot avail themselves of the tip credit as Defendants unlawfully permitted management personnel to improperly take and retain tips earned by Plaintiffs and failed to advise Plaintiffs of the tip credit provisions pursuant to the FLSA and the cases interpreting it.

97. Defendants failed to maintain proper employment records as required by the FLSA and 29 C.F.R. 516.

98. Defendants were required to pay Plaintiffs at a rate not less than the minimum wage rate under the FLSA for all hours worked.

99. Defendants willfully and knowingly failed to pay Plaintiffs the required minimum wages under the FLSA for each hour worked.

100. Because of the Defendants' willful violations of the FLSA, a three-year statute of limitations applies to such violations pursuant to 29 U.S.C. § 255.

101. As a result of the unlawful acts of the Defendants, Plaintiffs have been deprived of wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
## NEW JERSEY WAGE LAWS – UNPAID MINIMUM WAGE

102. Plaintiffs repeat, re-allege and incorporate by reference the foregoing allegations as if set forth fully and again herein.

103. Defendants have engaged in a widespread pattern and practice of violating the NJWHL, as detailed in this complaint.

104. The minimum wage provisions set forth in the NJWHL and its supporting regulations apply to Defendants and Plaintiffs.

105. Defendants failed to maintain proper employment records as required by the NJWHL.

106. Defendants were required to pay Plaintiffs at a rate not less than the minimum wage rate under the NJWHL for all hours worked.

107. Defendants willfully failed to pay Plaintiffs the minimum wage for each hour worked.

108. As a result of the unlawful acts of the Defendants, Plaintiffs have been deprived of wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to the NJWHL.

## THIRD CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT – UNPAID OVERTIME

109. Plaintiffs repeat, re-allege and incorporate by reference the foregoing allegations as if set forth fully and again herein.

110. Named Plaintiffs have consented to be parties to this action pursuant to 29 U.S.C. § 216(b).

111. Defendants have engaged in a widespread pattern and practice of violating the FLSA, as detailed in this complaint.

112. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 et seq., and the supporting federal regulations, apply to Defendants and protect Plaintiffs.

113. Defendants failed to maintain proper employment records as required by the FLSA and 29 C.F.R. 516.

114. Defendants willfully, knowingly and repeatedly refused to pay Plaintiffs overtime compensation at the statutory rate of time-and-a-half for all hours worked in excess of forty hours per workweek, as required by the FLSA.

115. Because of the Defendants' willful violations of the FLSA, a three-year statute of limitations applies to such violations pursuant to 29 U.S.C. § 255.

116. As a result of the unlawful acts of Defendants, Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, as well as, liquidated damages, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## FOURTH CAUSE OF ACTION
## NEW JERSEY WAGE LAW – UNPAID OVERTIME

117. Plaintiffs repeat, re-allege and incorporate by reference the foregoing allegations as if set forth fully and again herein.

118. Defendants have engaged in a widespread pattern and practice of violating the NJWHL, as detailed in this complaint.

119. The overtime wage provisions set forth in the NJWHL apply to Defendants and protect Plaintiffs.

120. Defendants failed to pay Plaintiffs overtime compensation at a rate of not less than one and one-half times the regular rate of pay for all hours worked in excess of forty (40) each week, as required by the NJWHL.

121. Consequently, by failing to pay to Plaintiffs the overtime compensation for work the performed after the first forty (40) hours worked in a week, Defendants violated the NJWHL.

122. As a result of the unlawful acts of Defendants, Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to the NJWHL.

## DEMAND FOR TRIAL BY JURY

123. Named Plaintiffs, on behalf of themselves and all other members of the FLSA Collective and Putative Class, request a jury trial on all issues of fact and damages arising herein.

## PRAYER FOR RELIEF

WHEREFORE, the Named Plaintiffs, on behalf of themselves and all other members of the FLSA Collective and Putative Class, respectfully request that this Court grant the following relief:

(1) That, at the earliest possible time, Named Plaintiffs be allowed to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been at any time during the three years immediately preceding the filing of this suit, up through and including the date of this court's issuance of court-supervised notice, employed by Defendants as non-exempt employees.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper minimum hourly compensation, and/or overtime compensation wages;

(2) Certification of this action as a class action pursuant to FRCP Rule 23 on behalf of the members of the Putative Class and appointing the Named Plaintiffs and their counsel to represent the Putative Class;

(3) Designation of Named Plaintiffs as representatives of the Putative Class, and counsel of record as Class Counsel;

(4) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NJWHL;

(5) Appropriate equitable and injunctive relief to remedy Defendant's violations of the FLSA and NJWHL;

(6) An award of monetary damages to be determined at trial for wages owed, unpaid overtime compensation, penalties, liquidated damages and all other monies owed to Plaintiffs;

(7) An award of attorneys' fees and costs of this action;

(8) An injunction against the Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

(9) Such other and further relief as this Court deems just and proper.

Dated: New York, New York
August 13, 2019

Respectfully submitted,

**ARENSON, DITTMAR & KARBAN**

_____s/ Avi Mermelstein_____
By: Avi Mermelstein
200 Park Avenue, Suite 1700
New York, New York 10166
Tel:  (212) 490-3600
Fax:  (212) 682-0278
avi@adklawfirm.com
*Attorneys for Plaintiffs*