UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RIGOBERTO ANDUX MIRABAL,** *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **CARIBBEAN CAR WASH, INC.,** *et al.*, <br><br> Defendants. | Case No. 19–cv–16608–MCA–ESK <br><br><br> OPINION AND ORDER |

**KIEL**, U.S.M.J.

  **THIS MATTER** is before the Court on plaintiffs' motion (Motion) for the conditional certification of a collective action and permitting court-supervised notification to putative members of the collective pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) (FLSA). (ECF No. 18.) Plaintiffs allege that defendants Caribbean Car Wash, Inc. (Car Wash), Ulpiano Rodriguez, Roberto Rodriguez, and Omar Rodriguez willfully refused to pay minimum wage and overtime compensation thereby violating the FLSA. The Court has considered plaintiffs' submissions (ECF Nos. 18 and 34) and defendants' opposition (ECF Nos. 32 and 33). The parties consented to disposition of the Motion by a Magistrate Judge. (ECF No. 39.) For the following reasons, the Motion is **GRANTED**.[1]

## BACKGROUND AND PROCEDURAL HISTORY

  The complaint was filed on August 13, 2019. (ECF No. 1 (Compl.).) Car Wash is a business located in Elizabeth, New Jersey. (*Id.* ¶ 6.) Plaintiffs worked at the Car Wash and performed non-managerial work. They claim defendants failed

---

[1] The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

to: (a) "pay [p]laintiffs the proper minimum wage for each hour worked," and (b) "pay [p]laintiffs the proper overtime compensation at the rate of one and one-half times the regular rate for work in excess of forty (40) hours per workweek." (*Id.* ¶ 42.)

Plaintiffs provide four sworn declarations (Declarations) setting forth their periods of employment at the Car Wash, duties, usual work schedules, and hourly and weekly compensation. (ECF No. 18–1 (Mirabal Dec.); ECF No. 18–2 (Martinez Dec.); ECF No. 18–3 (Ochoa Dec.); ECF No. 18–4 (Valdez Dec.).) Plaintiffs allege that defendants employed at least sixty workers, including plaintiffs, who performed "general car wash work" and were subject to defendants' wage policy. (Mirabal Dec. p. 2; Martinez Dec. p. 2; Ochoa Dec. p. 2; Valdez Dec. p. 2.)

Plaintiffs seek conditional certification of their collective class and permission to notify other similarly-situated employees who may have been denied minimum hourly and overtime compensation wages. (Compl. ¶¶ 15, 17.) To date, 15 former Car Wash employees filed consent-to-join forms, which makes the opt-in class in combination with the current eight plaintiffs a proposed collective class of twenty-three (Proposed Collective). (ECF Nos. 4, 5, 12, 17, 19, 20, 25, 26, and 27.)

In opposition, defendants argue that plaintiffs' collective-action fails to satisfy the requirements of Federal Rule of Civil Procedure (Rule) 23 and allows instead for permissive joinder pursuant to Rules 19 and 20. (ECF No. 32 (Defs. Br.) p. 3.) Defendants appear to argue, though in not so many words, that plaintiffs failed to sufficiently prove that they and the opt-in plaintiffs (Opt-In Plaintiffs) were sufficiently similarly situated to warrant conditional certification. (Defs. Br. pp. 3–4.) Defendants also argue that Rule 23 applies and that the Proposed Collective fails to meet the corresponding numerosity requirement. (*Id.*) Plaintiffs respond that they have met the modest burden for conditional certification under the FLSA, and that "there is no numerosity requirement for collective actions." (ECF No. 34 (Pls. Reply Br.) p. 7.)

Plaintiffs seek the Court's authorization for plaintiffs to send a Notice of Pendency of Collective Action and Consent Joinder Form to potential collective class members, and an Order requiring defendants to produce the names, addresses,

telephone numbers, and email addresses of all individuals employed by defendants for the last three years. (ECF No. 18–6 (Pls. Br.) p. 7.)

## LEGAL STANDARD

"The FLSA establishes federal minimum-wage … and overtime compensation guarantees" that allow employees to bring an action against their employers on behalf of themselves and "other similarly situated employees" for violations of such guarantees. *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 69 (2013) (citing to 29 U.S.C. § 216(b)). A suit on behalf of other employees is known as a "collective action." *Id.* To join a collective action, employees "must affirmatively opt-in" by filing a consent with the court, which is a procedurally different mechanism from that of class actions under Rule 23, which requires that certified plaintiffs opt-out if they desire to be excluded. *Camesi v. Univ. of Pittsburgh Med. Ctr.*, 729 F.3d 239, 242–43 (3d Cir. 2013). Conditional certifications are not actual certifications, but rather "the district court's exercise of [its] discretionary power … to facilitate the sending of notice to potential class members." *Symczyk v. Genesis Healthcare Corp.*, 656 F.3d 189, 194 (3d Cir. 2011)*, rev'd on other grounds*, 569 U.S. 66 (2013).

The Third Circuit follows a two-stage approach in determining whether an FLSA suit may proceed as a collective action. *Camesi*, 729 F.3d at 243. At the first stage, the Court applies a "fairly lenient standard" and "makes a preliminary determination as to whether the named plaintiffs have made a 'modest factual showing' that the employees identified in their complaint are 'similarly situated.'" *Id.* (citations omitted). A plaintiff "must produce some evidence, beyond pure speculation, of a factual nexus between the manner in which the employer's alleged policy affected her and the manner in which it affected other people." *Doe v. Banc, Jack & Joe, LLC*, No. 17–03843, 2020 WL 2832621, at *3 (D.N.J. June 1, 2020) (internal citations and quotation marks omitted).

"The [C]ourt does not consider the merits of the dispute at [the notice stage], and the plaintiff must only demonstrate that the potential class members' 'positions are similar, not identical,' to [her] own." *Steinberg v. TD Bank, N.A.*, No. 10–05600,

2012 WL 2500331, at *5 (D.N.J. June 27, 2012) (citations omitted). If plaintiffs satisfy this burden, "the court will 'conditionally certify' the collective action for the purpose of facilitating notice to potential opt-in plaintiffs and conducting pre-trial discovery." *Camesi*, 729 F.3d at 243.[2] The district court has discretion in implementing such notice. *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169–70 (1989).

## DISCUSSION

### I. CONDITIONAL CERTIFICATION UNDER THE FLSA DOES NOT REQUIRE APPLICATION OF RULE 23

Plaintiffs need not satisfy the Rule 23 requirements for conditional certification. "Rule 23 actions are fundamentally different from collective actions under the FLSA," and they have procedurally different "mechanisms." *Genesis Healthcare Corp.*, 569 U.S. at 74; *Camesi*, 729 F.3d at 247. Under the FLSA, any employee may pursue a collective action on behalf of other "similarly situated" employees, which procedurally only requires the consent of those who are joining. 29 U.S.C. § 216(b).

Here, each of the named plaintiffs consented, through the complaint, to be part of the collective action and submit Declarations in support of their claims. (Compl. ¶ 94; Mirabal Dec.; Martinez Dec.; Ochoa Dec.; Valdez Dec.) Additionally, 15 additional former-employees signed consent forms to join the collective action. (Pls. Reply Br. p. 4.) For this matter to proceed as a collective action, this Court need only address whether plaintiffs are sufficiently similarly situated. At this stage, this Court finds that plaintiffs are similarly situated.

---

[2] At the second stage, which occurs after discovery, the Court will "make[] a conclusive determination as to whether each plaintiff who has opted into the collective action is in fact similarly situated to the named plaintiff." *Camesi*, 729 F.3d at 243 (internal citations and quotation marks omitted).

## II. PLAINTIFFS ARE SUFFICIENTLY SIMILARLY SITUATED

The parties dispute whether plaintiffs and Opt-In Plaintiffs in the Proposed Collective are similarly situated. "Section 16(b) of the FLSA ... gives employees the right to bring a private cause of action on their own behalf and on behalf of 'other employees similarly situated.'" *Genesis Healthcare Corp.*, 569 U.S. at 69 (citations omitted). Plaintiffs need only make "a 'modest factual showing' that the employees identified in their complaint are 'similarly situated.'" *Camesi*, 729 F.3d at 243 (citations omitted). Evaluating whether plaintiffs make such a showing "generally requires review of both the pleadings and affidavits in support of or in opposition to the proposed collective action." *Pearsall-Dineen v. Freedom Mortg. Corp.*, 27 F.Supp.3d 567, 570 (D.N.J. 2014). Further, the presence of opt-in plaintiffs bringing the "same claims" and seeking the "same relief" has been held to be generally sufficient. *Id.*

As pleaded in the Complaint, plaintiffs "have been governed by similar pay practices and have been subjected to [d]efendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them, among other things, the minimum wage and overtime compensation." (ECF No. 1 ¶ 13.) Plaintiffs filed Declarations describing how defendants deprived them of fair wages. These Declarations state that plaintiffs were paid less than minimum wage and were not paid overtime wages. Plaintiffs further declared that their experiences were consistent with those of other Car Wash employees. While plaintiffs' actual compensation rates varied somewhat, plaintiffs, through the Declarations, sufficiently make a "modest factual showing" that plaintiffs are similarly situated. Further, plaintiffs and the Proposed Collective allege the same wrongdoing and seek the same relief.

Defendants argue that: (1) permissive joinder is the more appropriate vehicle to join prospective plaintiffs, (2) Rules 19 and 20 provide sufficient protections for the Proposed Collective, and (3) the Court should assess damages on an individualized

basis. Defendants also argue that the adjudication of this case will require individualized testimony and cannot be proven with common evidence as to damages.

Defendants' arguments do not negate the sufficiency of plaintiffs' proofs satisfying the need for a modest showing of similarly situated plaintiffs. Defendants' arguments are more appropriate for the final certification stage of this case under the FLSA. *See Barrios v. Suburban Disposal, Inc.*, No. 12–03663, 2013 WL 6498086, at *3 (D.N.J. Dec. 11, 2013) (rejecting the argument that conditional certification is improper where "the Court will have to conduct individualized damages inquiries for each potential collective member," as "[t]his 'individualized inquiry' argument is properly addressed on a motion for final certification"); *see also Garcia v. Vertical Screen, Inc.*, 387 F.Supp.3d 598, 605 (E.D. Pa. 2019) (noting that "any determination that the 'individualized circumstances of employees render the matter unsuitable for collective treatment may be more appropriately reviewed during step two of the certification process'" (citations omitted)).

Plaintiffs and the Proposed Collective seek the same relief and allege the same claims. The Declarations demonstrate that plaintiffs are similarly situated. Thus, the first stage of conditional certification is satisfied, here.

**Accordingly**, for the reasons set forth above, and for good cause shown:

**IT IS** on this   6th day of **October 2020**   **ORDERED** that:

1. The Motion (**ECF No. 18**) is **GRANTED**.

2. Defendants shall provide either: (a) a supplemental list containing the names, addresses, telephone numbers, and email addresses of all individuals employed by defendants for the last three years; or (b) an affidavit affirming that the previously provided list, in response to plaintiffs' interrogatories, is fully responsive to the information to be produced under section (a).

3. The Clerk of the Court is directed to **TERMINATE** the Motion at **ECF No. 18.**

                                                 */s/ Edward S. Kiel*
                                                 **EDWARD S. KIEL**
                                                 **UNITED STATES MAGISTRATE JUDGE**