UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---------------------------------------------------------------- X
RIGOBERTO ANDUX MIRABAL, GABRIEL  |
CANO ARANGO, YOAN AQUINO          |
MARTINEZ, LUCAS PEDRONZO TOLEDO,  |
JULIO CESAR OCHOA, NELSON BATISTA | <u>Civil Action</u>
CORBO, WILLIAM RICARDO ANTUNEZ    |
VALDEZ, and THE ESTATE OF CARLOS  |
ALBERTO on behalf of themselves and all others | Case No.: 19-CV-16608-MCA-ESK
similarly situated who were employed by |
Caribbean Car Wash, Inc.          |
                                  |
                  Plaintiffs,     |
          - against -             |
                                  |
                                  |
CARIBBEAN CAR WASH, INC., ULPIANO |
RODRIGUEZ, ROBERTO RODRIGUEZ, and |
OMAR RODRIGUEZ,                   |
                                  |
                  Defendants,     |
                                  |
---------------------------------------------------------------- X

### JOINT STIPULATION OF SETTLEMENT AND RELEASE

This Joint Stipulation of Settlement and Release is entered into by and between Rigoberto Andux Mirabal, Gabriel Cano Arango, Yoan Aquino Martinez, Lucas Pedronzo Toledo, Julio Cesar Ochoa, Nelson Batista Corbo, William Ricardo Antunez Valdez, and the Estate of Carlos Alberto (the "Named Plaintiffs"), as well as all Class Members (as defined below) and by Defendants (as defined below).

**RECITALS AND BACKGROUND**

WHEREAS, the Named Plaintiffs filed a complaint against the Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New Jersey Wage and Hour Law, N.J.S.A. § 34:11-56a4 *et seq*. ("NJWHL") for the alleged failure to pay certain wage and overtime amounts to non-exempt employees employed by the Defendants (the "Litigation");

WHEREAS, a FLSA collective action was conditionally certified by the Court by Order dated October 7, 2020;

WHEREAS, solely for the purpose of settling this Litigation, and without admitting any wrongdoing or liability, the Defendants have agreed to the dissemination of a notice of settlement pursuant to the Federal Rules of Civil Procedure to cover NJWHL wage-and-hour claims to all employees employed by the Defendants during the Relevant Period (as defined below) (the "Employees"), and

WHEREAS, the purpose of this Agreement is to settle fully and finally all factual and legal disputes and Claims (as defined below), between the Named Plaintiffs, all Class Members, and Defendants, including all claims asserted in the Litigation;

WHEREAS, Defendants deny all of the allegations made in the Litigation, and deny any and all liability and damages to anyone with respect to the alleged facts or causes of action asserted in the Litigation;

WHEREAS, without admitting or conceding that class and/or collective certification is warranted, and further without acknowledging or conceding any class or individual liability or damages whatsoever, and without admitting that any wages or overtime amounts were improperly calculated or withheld from any employees, the Defendants agree to settle the Litigation on the terms and conditions set forth in this Agreement, to avoid the burden, expense, and uncertainty of continuing the Litigation;

WHEREAS, Plaintiffs' Counsel have analyzed and evaluated the disputed facts, and merits of the Claims made against and defenses asserted by the Defendants, and concluded this Agreement is in the best interests of the Named Plaintiffs and all Class Members. Having considered the benefits of this Agreement for the Named Plaintiffs and all Class Members, based upon the analysis and evaluation of a number of sharply disputed facts, and having recognized the substantial risks of continued litigation, including the possibility that the Litigation, if not settled now, might not result in any individual or class recovery whatsoever, or might result in a recovery that is less favorable or that may not realize any benefit for several years, Plaintiffs' Counsel are satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate, and that this Agreement serves the best interests of the Named Plaintiffs and all Class Members; and

WHEREAS, the Parties, including legal counsel and their respective clients, having engaged in Court-supervised settlement negotiations under the direction and with the assistance of Magistrate Judge Edward S. Kiel and in private settlement discussions among counsel;

NOW THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties hereto agree to a full and complete settlement of the Litigation on the following terms and conditions:

**1. DEFINITIONS**

The defined terms set forth in this Agreement have the meanings ascribed to them below.

**1.1.** **"Litigation."** The Litigation shall mean the above-captioned case filed in the United States

District Court for the District of New Jersey, Docket No. 19-CV-16608 (MCA) (ESK).

1.2. **"Administrator."** The Administrator refers to the Administrator selected to mail the Notices and administer the Settlement Account.

1.3. **"Agreement."** Agreement means this Joint Stipulation of Settlement and Release.

1.4. **"Bar Date."** The Bar Date shall mean the date by which any Class Member who wishes to qualify as a Claimant must file a Claim Form, which date shall be no later than forty-five (45) days after the initial mailing of the Notice of Proposed Settlement by the Administrator.

1.5. **"Claim Form."** The Claim Form shall mean the form, a copy of which is attached to the Notice of Proposed Settlement, that the Class Members must sign and return post-marked by the Bar Date. The Claim Form must be filed with the Administrator for a Class Member to be eligible for a distribution from the Settlement Account.

1.6. **"Claims."** Claims shall include all FLSA Claims and all State Law Claims made in or which could have been included in the Litigation.

1.7. **"Claimant."** Claimant shall include (i) all Named Plaintiffs; (ii) all FLSA Claimants; and (iii) all State Law Claimants.

1.8. **"Class" or "Class Member(s)."** Class or Class Members shall be defined as: Each current and former non-exempt employee of Caribbean Car Wash, Inc. for the period August 13, 2013 through December 31, 2019, including but not limited to all Claimants, as defined in Sec. 1.7 above. The Class specifically excludes all administrative, executive, supervisory, office, and managerial positions employed by the Defendants.

1.9. **"Class Counsel" or "Plaintiffs' Counsel."** Class Counsel or Plaintiffs' Counsel shall mean Avi Mermelstein, Esq., Arenson Dittmar & Karban, 200 Park Avenue, Suite 1700, New York, New York 10166.

1.10. **"Class Member List."** The Class Member List shall mean the list of Class Members provided by Defendants per the Court's October 6, 2020 order, in which Class Members are identified by, to the extent available: (i) name; (ii) last known address; and (iii) telephone numbers. The Class Member List is to be used by Plaintiffs' Counsel and the Administrator to effectuate the settlement of this Litigation, and may not be used for any other purpose.

1.11. **"Court."** The Court shall mean the United States District Court for the District of New Jersey, the Honorable United States Magistrate Judge Edward S. Kiel, presiding.

1.12. **"*Cy Pres* Distribution."** Any and all funds that, pursuant to the terms of this Agreement, require distribution to the *cy pres* recipient pursuant to Section 2.13 of this Agreement.

1.13. **"Days."** Days shall mean calendar days.

1.14. **"Defendants."** Defendants shall mean Caribbean Car Wash, Inc., Ulpiano Rodriguez, Roberto Rodriguez, and Omar Rodriguez.

1.15. **"Defendants' Payroll Taxes."** Defendants' Payroll Taxes shall mean Defendants' share of payroll taxes for wages paid to Claimants as part of this Agreement.

1.16. **"Defense Counsel."** Defense Counsel shall mean Victor A. Deutch, Esq., Eric S. Deutch, Esq. and Deutch & Associates LLC, 1000 U.S. Highway 9 North, Suite 204, Woodbridge, NJ 07095.

1.17. **"Fairness Hearing."** The Fairness Hearing shall mean the hearing before the Court relating to the final approval of the terms and conditions of this Agreement and the settlement of the Litigation, as described in Section 2.11 of this Agreement.

1.18. **"Final Effective Date."** The Final Effective Date shall be the date that is (i) thirty (30) days after the entry of a Final Order approving this Agreement, with the time to appeal from such Final Order having expired and no notice of appeal or timely motion to extend the time to appeal having been filed; or (ii) if a timely notice of appeal has been filed, the latest of the following, if applicable, has occurred: (1) any appeal from the Final Order has been finally dismissed; (2) the Final Order has been affirmed on appeal in a form substantially identical to the form of the Final Order entered by the Court; (3) the time to petition for review with respect to any appellate decision affirming the Final Order has expired; and (4) if a petition for review of an appellate decision affirming the Final Order is filed, the petition has been denied or dismissed, or, if granted, has resulted in affirmance of the Final Order in a form substantially identical to the form of the Final Order entered by the Court.

1.19. **"Final Order."** The Final Order shall mean the order entered by the Court after the Fairness Hearing, which shall, among other things, approve: (i) the terms and conditions of this Agreement; (ii) the distribution of the Settlement Checks; (iii) the amounts of professional fees and costs; and (iv) the dismissal of this Litigation with prejudice.

1.20. **"FLSA Claimants."** The FLSA Claimants shall mean all Class Members identified in Exhibit "5" to this Agreement, who have filed timely Consent to Join forms in this Litigation. FLSA Claimants do not have to file a Claim Form to participate in this settlement. FLSA Claimants acknowledge that they agree to settle all FLSA Claims and all State Law Claims.

1.21. **"FLSA Claims."** FLSA Claims shall mean all wage and hour claims that could have been alleged pursuant to 29 U.S.C.A. §201-19, (the "Fair Labor Standards Act") by or on behalf of the FLSA Claimants.

1.22. **"Implementing Order."** The Implementing Order shall mean the Order entered by the Court: (i) effectuating the settlement of this Litigation; (ii) granting the Named Plaintiffs' Rule 23 Motion; (iii) approving the Notice and Claim Forms, (iv) directing the manner and timing of publishing the Notice to the Class and, (v) scheduling the date and time for the Fairness Hearing.

1.23. **"Named Plaintiffs."**  The Named Plaintiffs shall mean Rigoberto Andux Mirabal, Gabriel Cano Arango, Yoan Aquino Martinez, Lucas Pedronzo Toledo, Julio Cesar Ochoa, Nelson Batista Corbo, William Ricardo Antunez Valdez, and the Estate of Carlos Alberto.

1.24. **"Net Settlement Amount."** Net Settlement Amount shall mean the Settlement Amount less the following amounts as awarded or permitted by the Court: (i) Plaintiffs' Counsel's attorneys' fees and expenses, (ii) the fees and expenses of the Administrator, and (iii) the amount, if any, of Defendants' Payroll Taxes in excess of the Payroll Taxes Fund.

1.25. **"Notice" or "Notices."**  Notice or Notices shall mean the Court–approved Summary Notice of Proposed Settlement and Fairness Hearing and Notice of Proposed Settlement, which shall include notices of an opportunity to opt-out and/or to object to the proposed settlement of this Litigation.

1.26. **"Objector."**  An Objector shall mean any Class Member who properly files a written objection to this Agreement, and does not include any individual who opts-out of this Agreement.

1.27. **"Opt-out Statement."**  An Opt-out Statement is a signed written statement by a Class Member that such Class Member has decided to opt-out and not be included in this Agreement.  Any Class Member who does not submit an Opt-out Statement is bound by this Agreement and waives and releases all State Law Claims, even if that person does not submit a Claim Form.  A Class Member who submits an Opt-out Statement is not bound by this Agreement, and retains any FLSA Claims and/or State Law Claims that Class Member may possess.

1.28. **"Parties**." The Parties shall mean the Named Plaintiffs, Defendants, and all Class Members, collectively.

1.29. **"Payroll Taxes Fund."** Payroll Taxes Fund shall mean the maximum aggregate amount to be paid by Defendants to the Administrator to be paid to the relevant taxing authorities in order to cover Defendants' Payroll Taxes. Under no circumstances shall the Payroll Taxes Fund exceed Seven-Thousand Five Hundred Dollars ($7,500.00), regardless of the amount actually owed in Defendants' Payroll Taxes.

1.30. **"Relevant Period."**  The Relevant Period shall mean any time between August 13, 2013 and December 31, 2019.

1.31. **"Rule 23 Motion."**  The Rule 23 Motion shall mean the Named Plaintiffs' motion for class action certification of the State Law Claims pursuant to Rule 23 of the Federal Rules of Civil Procedure.

1.32. **"Settlement Account."**  The Settlement Account shall mean a qualified settlement fund established by the Administrator, pursuant to this Agreement, at a bank reasonably acceptable to Plaintiffs' Counsel and Defense Counsel. The Settlement Account shall contain the aggregate amount of all Claims, Defendants' Payroll Taxes, professional fees and costs as authorized by the Court in the Final Order, but in no event shall the amount contained in the Settlement Account exceed the combined amount of the Settlement Fund

and the Payroll Taxes Fund.

1.33. **"Settlement Checks."** The Settlement Checks shall mean the checks issued to Claimants in accordance with this Agreement.

1.34. **"Settlement Fund."** The Settlement Fund shall mean the maximum aggregate amount that can be paid by Defendants to Claimants pursuant to this Agreement and includes professional fees, costs and expenses. Under no circumstances shall the Settlement Fund exceed One Million Dollars ($1,000,000.00), regardless of the amount claimed by Class Members who file Claim Forms.

1.35. **"State Law Claimants**." State Law Claimants shall mean those Class Members (i) who possess only State Law Claims; (ii) who are eligible to receive a Settlement Check by virtue of having filed with the Administrator a Claim Form by the Bar Date, and (iii) whose Claim is not rejected. State Law Claimants acknowledge that they agree to settle all FLSA Claims and all State Law Claims.

1.36. **"State Law Claims."** State Law Claims shall mean all wage-and-hour claims that could have been alleged under the NJWHL or any other state law(s) by or on behalf of the Class, but does not include FLSA Claims.

## 2. INITIAL PROCEDURAL ISSUES

2.1. **Binding Agreement.** This Agreement is a binding agreement and contains all material agreed-upon terms.

2.2. **State Law Settlement.** For purposes of settlement only, the Parties stipulate that all Class Members possessing State Law Claims during the Relevant Period are covered by this Agreement.

2.3. **Retention of the Administrator.** The Parties shall engage an Administrator, who is mutually agreeable to both sides, to effectuate the settlement. The Administrator shall be paid from the Settlement Fund.

2.4. **Responsibilities of the Administrator**. The Administrator shall be responsible for:

(A) preparing, printing and disseminating the Notice and Claim Forms to the Class via First-Class United States Mail;

(B) sending copies of all material correspondence to counsel for all Parties, and promptly notifying counsel for all Parties of any material requests or communications made by any Party;

(C) promptly furnishing to counsel for all Parties copies of all Opt-out Statements, objections or other written or electronic communications from the Class which the Administrator receives;

(D) receiving and reviewing the Claim Forms submitted by Class Members, including maintaining the original mailing envelopes (and preserving the post-mark on such

envelopes) in which the Claim Forms were mailed, and stamping each Claim Form and envelope with a date-stamp showing the date such Claim Form and envelope were received;

(E) deciding whether submitted Claim Forms meet the requirements for submitting Class Members to be considered eligible for a distribution from the Settlement Account;

(F) keeping track of Opt-out Statements, including maintaining the original mailing envelopes (and preserving the post-mark on such envelopes) in which the Opt-out Statements were mailed and stamping each Opt-out Statement and envelope with a date-stamp showing the date such Opt-out Statement and envelope were received;

(G) to the extent reasonably possible, ascertaining the current address and addressee information for each Notice and Claim Form returned as undeliverable;

(H) responding to inquiries of the Class regarding procedures for filing objections, Opt-out Statements, and Claim Forms;

(I) referring to Plaintiffs' Counsel all inquiries by the Class regarding matters not within the Administrator's duties specified herein;

(J) responding to inquiries from Class Counsel and Defense Counsel consistent with the Administrator's duties specified herein;

(K) promptly apprising Class Counsel and Defense Counsel of the activities of the Administrator;

(L) maintaining adequate records of its activities, including the dates of the mailing of Notice(s) and mailing and receipt of Claim Form(s), returned mail and other communications and attempted written or electronic communications with the Class;

(M) confirming in writing to Plaintiffs' Counsel and Defense Counsel its completion of the administration of the settlement;

(N) timely responding to communications from the Parties or their counsel; and

(O) such other tasks as are stated in this Agreement or which may be mutually agreed upon.

In addition, no later than fifteen (15) days prior to the Fairness Hearing, the Administrator shall provide to Plaintiffs' Counsel and to Defense Counsel (a) a list of all Class Members who timely filed their Claim Forms; (b) a list of all Objectors who filed timely objections; (c) a list of all Class Members who did not file a Claim Form; and, (d) a list of all Class Members who requested to opt-out of the settlement at any time during the opt-out period. The Administrator shall also provide the Parties with an updated address list for the Class. Throughout the period of claims administration, the Administrator will provide reports to the Parties upon request by either Party, regarding the status of the mailing of the Notices and Claim Forms to the Class, the claims administration process, and distribution of the Settlement Checks, or any other aspect of the claims administration process.

**2.5.** **Notice.** The Notice will inform Class Members about this settlement and will also advise them of the opportunity to object to, opt-out of, or file a Claim Form pursuant to this Agreement, and/or to appear at the Fairness Hearing.

      2.5.1. **Notice by Mail.** Within forty-five (45) days of the entry of the Implementing Order by the Court, the Administrator will mail to all Class Members, via First-Class United States Mail, the Court–approved Notice of Proposed Settlement and Fairness Hearing. The Administrator will also mail Claim Forms to all Class Members who are not already deemed Claimants per 2.9.5 of this Agreement. The mailing will include English and Spanish versions of the Notice and Claim Form. The Administrator will take all reasonable steps to obtain the correct address of any Class Member for whom a Notice and Claim Form is returned by the United States Postal Service as undeliverable, including one skip trace, and shall attempt a re-mailing to any Class Member for whom it obtains a more recent address or possesses more than one (1) address. The Administrator will notify Plaintiffs' Counsel and Defense Counsel of any Notice and Claim Form sent to a Class Member that is returned as undeliverable after the first mailing, as well as any such Notice and Claim Form returned as undeliverable after any subsequent mailing(s) as set forth in this Agreement.

      2.5.2. **Notice by Publication.** Within ten (10) days of the entry of the Implementing Order by the Court, Plaintiffs' Counsel shall cause the Court-approved Summary Notice of Proposed Settlement and Fairness Hearing to be published in English in the Newark Star Ledger and in Spanish in El Diario. The Summary Notice will inform Class Members of this settlement and also advise them of the opportunity to object to, opt-out of, or file a Claim Form pursuant to this Agreement, and/or to appear at the Fairness Hearing. The Summary Notice will further advise Class Members that if they wish to make a claim they must request a Claim Form from the Administrator within thirty (30) days of the date of publication, and will instruct them how to contact the Administrator to make such a request.

**2.6.** **Access to the Administrator**. The Parties will have equal access to the Administrator throughout the claims administration period. Plaintiffs' Counsel and Defense Counsel agree to provide the Administrator with all accurate information necessary to reasonably assist the Administrator in locating the Class.

**2.7.** **Approval of the Implementing Order.**

      2.7.1. Plaintiffs' Counsel shall apply to the Court for the issuance of the proposed Implementing Order, which shall, among other things, authorize the publication of the proposed Notice and Claim Form. The proposed Summary Notice, Notice of Proposed Settlement and Fairness Hearing, Claim Form, and Implementing Order approved by the Parties are annexed hereto and made a part of this Agreement as Exhibits "1", "2", "3", and "4" respectively.

      2.7.2. Plaintiffs' Counsel also shall make the Rule 23 Motion with respect to the State Law Claims. The proposed Implementing Order shall also grant class action certification of the State Law Claims, solely for purposes of effectuating the settlement of the Litigation.

2.7.3. The proposed Implementing Order shall set a deadline of forty-five (45) days from the initial mailing of Notice and Claim Forms to the Class: (a) for Class Members to submit Claim Forms, (b) to file Opt-out Statements, and/or (c) to become Objectors.

2.7.4. The proposed Implementing Order shall also set a date for the Fairness Hearing for the final approval of the Settlement, which shall be no earlier than ninety (90) days following the date that the Court enters the proposed Implementing Order.

2.7.5. Plaintiffs' Counsel will inform the Court of the intended process to obtain the Final Order and the Final Judgment and Dismissal that will, among other things: (1) approve the terms and conditions of settlement and this Agreement as fair, adequate and reasonable; (2) approve the proposed notice to the Class; (3) incorporate the terms of the Release, as described herein; (4) dismiss the Litigation; and (5) award Plaintiffs' Counsel their professional fees, expenses and costs.

2.7.6. The Parties will work together, diligently and in good faith, to expeditiously obtain an Implementing Order, Final Order, and Final Judgment and Dismissal with prejudice. Any disputes which arise between the Parties related to the Parties' efforts to obtain a Final Order and a Final Judgment and Dismissal with prejudice shall be submitted to this Court.

**2.8. Notice and Claim Forms to Class**

2.8.1. Within five (5) days of the Court's entry of the Implementing Order, Plaintiffs' Counsel will provide the Administrator with the Class Member List, in electronic format. All information provided regarding the Class will be treated as confidential information by Plaintiffs' Counsel and the Administrator. Said information will not be used by Plaintiffs' Counsel and the Administrator for any purpose other than to effectuate the terms of the settlement of this Litigation.

2.8.2. Among other things, the Claim Form will ask the Claimant to provide certain information for verification, including the name of the Claimant's supervisor. Within five (5) days of the Court's entry of the Implementing Order, Defense Counsel will provide the Administrator and Plaintiffs' Counsel with a list of the supervisors employed by Defendants during the relevant period, in electronic format. Such information provided will be treated as confidential information by Plaintiffs' Counsel and the Administrator. Said information will not be used by Plaintiffs' Counsel and the Administrator for any purpose other than to effectuate the terms of the settlement of this Litigation.

2.8.3. Class Members not on the Class Member List will have thirty (30) days from the date of the publication of the Summary Notice to contact the Administrator

  to request a Claim Form. The Administrator will include such Class Members in the initial mailing described in 2.5.1.

 2.8.4. Class Members will have forty-five (45) days from the date of the initial mailing to return the Claim Form and become a Claimant. To be effective, a Claim Form must be post-marked by the Court-authorized Bar Date, or must be received by the Administrator on or by the Court-authorized Bar Date. To the extent that an envelope does not contain a post-mark, the date that the Administrator stamps the envelope or Claim Form as "received," shall apply.

 2.8.5. Class Members who fail to file a Claim Form by the Bar Date shall have an additional fifteen (15) days in which to file if such Class Member can show extraordinary good cause, such as hospitalization, change of address or military service, prevented the timely filing of a Claim Form.

**2.9. Opt-outs.**

 2.9.1. Class Members who choose to opt-out of the settlement as set forth in this Agreement must mail, via First-Class United States Mail, postage prepaid, a signed written statement to the Administrator that such Class Member is opting out of the settlement (the "Opt-out Statement"). The Opt-out Statement must include the Class Member's name, address, and telephone numbers, and must contain an unambiguous statement indicating his or her intention to opt-out of this settlement, such as: "I opt out of the Caribbean case." To be effective, an Opt-out Statement must be post-marked or received by the Administrator by the Bar Date.

 2.9.2. The end of the time period to opt-out of the settlement ("Opt-out Period") shall be on or before the Bar Date.

 2.9.3. The Administrator will send a final list of all Opt-out Statements to Plaintiffs' Counsel and Defense Counsel before the Fairness Hearing. The Administrator will retain the stamped originals of all Opt-out Statements and originals of all envelopes accompanying Opt-out Statements in its files until such time as the Administrator is relieved of its duties and responsibilities under this Agreement.

 2.9.4. Any Class Member who does not submit an Opt-out Statement pursuant to this Agreement will be deemed to have accepted the settlement and the terms of this Agreement; will be bound by the Order in this case; and will have any State Law Claims released and dismissed. Only those Class Members who timely complete and return a Claim Form post-marked by the Bar Date will be deemed authorized to participate in this settlement as a "Claimant." Defendants shall have no obligation to pay any Class Member who possesses a State Law Claim if he or she does not submit a timely Claim Form as set forth in this Agreement.

 2.9.5. For purposes of this Agreement, the Named Plaintiffs and FLSA Claimants are deemed to be Claimants, and are not required to file an additional Claim Form

to participate in this settlement, unless they opt-out in accordance with the terms of this Agreement.

**2.10. Objections to Settlement.**

2.10.1. Objectors who wish to present objections to the proposed settlement at the Fairness Hearing must first do so in a written statement. To be considered, such written statement must be mailed to the Administrator via First-Class United States Mail, post-marked by the Bar Date. The statement must include all reasons for the objection, and any supporting documentation. The statement must also include the name, address, and telephone numbers for the Class Member making the objection. The Administrator will stamp the date received on the original objection, create electronic copies of such objection and all supporting documentation, and send copies of each objection, together with all supporting documentation, to Plaintiffs' Counsel and Defendants' Counsel by email delivery no later than three (3) days after receipt of the objection.

2.10.2. An Objector also has the right to appear at the Fairness Hearing, either in person or through counsel hired by the Objector. An Objector who wishes to appear at the Fairness Hearing must state their intention to appear in writing at the time the objection is submitted. An Objector may withdraw their objection at any time. An Objector is a Class Member; the filing of an objection does not constitute the filing of an Opt-out Statement by such Class Member/Objector.

**2.11. Fairness Hearing and Motion for Final Approval and Dismissal.** At the Fairness Hearing, the Parties will request that the Court, among other things: (1) approve the terms and conditions of the settlement and this Agreement as fair, reasonable, adequate, and binding on all Class Members who have not timely opted out of the settlement; (2) order the Defendants to prepare, and the Administrator to distribute, the Settlement Checks to the Claimants; (3) approve the amount and order the payment of attorneys' fees, expenses and costs to Plaintiffs' Counsel; (4) order the dismissal with prejudice of all State Law Claims by all Class Members who did not opt-out; (5) order the dismissal with prejudice of all FLSA Claims and State Law Claims by all Claimants; (6) order entry of Final Judgment in accordance with this Agreement; and (7) retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby.

**2.12. Funding of Settlement Account.** Within five (5) days after the Final Effective Date, Defendants shall cause the Settlement Fund and Payroll Taxes Fund to be paid to the Administrator. The Administrator shall hold the Settlement Fund and Payroll Taxes Fund in escrow in the Settlement Account.

**2.13. Distribution of Settlement Checks**. The Administrator shall remit the Settlement Checks and the check(s) to pay for all approved professional fees and expenses for Plaintiffs' Counsel to Plaintiffs' Counsel within fifteen (15) days after the Final Effective Date. Plaintiffs' Counsel shall distribute the Settlement Checks directly to all Claimants. The

back of each Settlement Check will state that "the check must be cashed within 180 days or it will become void." If any Settlement Check is not negotiated in the one-hundred eighty (180) day period, that Settlement Check will be voided and the Administrator will place a stop-payment on the check. Claimants with such voided checks will have irrevocably waived right to payment under this Agreement, but the releases contained in this Agreement shall remain binding upon them. Any unclaimed funds resulting from such voided Settlement Checks shall be part of the *Cy Pres* Distribution that the Administrator will make to Central Jersey Legal Services Inc.

**2.14.** **Effect of Failure to Grant Final Approval.** In the event the Court fails to enter the Final Judgment and Dismissal in accordance with this Agreement, or such Final Judgment and Dismissal does not become the subject of a Final Order as defined herein, the Litigation will proceed as if no settlement had been attempted.

**3. SETTLEMENT TERMS**

**3.1.** **Settlement Fund Computation and Allocations.**

Individual Claimants' shares of the Settlement Fund shall be based on the submitted and accepted Claim Forms as follows:

3.1.1. **State Law Claimants**: State Law Claimants shall be entitled to a percentage of the Net Settlement Amount calculated according to the following formula:

**(A)** **State Minimum wage claims**: for each work week during the Relevant Period in which the Individual Claimant worked for Defendants and was paid an hourly rate less than the minimum wage: (1) compute the total hours worked; (2) multiply by the difference between the NJWHL Minimum Wage applicable at the time and the hourly rate; (3) multiply the amount derived in (2) by three to account for 200% NJWHL liquidated damages.

**(B)** **State Overtime claims:** for each work week during the Relevant Period in which the Individual Claimant worked for Defendants more than 40 hours: (1) compute the total overtime hours worked by subtracting 40 from the total hours worked; (2) multiply by half the NJWHL Regular Rate; (3) multiply the amount derived in (2) by three to account for 200% NJWHL liquidated damages.

**(C)** Total State Claims equals State Minimum Wage claims plus State Overtime Claims.

**(D)** Claim Share equals a Claimant's Total State Claims divided by the sum total of all Class Members' Total State Claims.

3.1.2. **Maximum Payment**. The Parties expressly acknowledge that Defendants shall not be required to pay more than One Million Dollars ($1,000,000.00) to the Claimants for all Claims and to Plaintiffs' Counsel for all professional fees and costs.

**3.2.** **Professional Fees and Costs.** At the Fairness Hearing, Class Counsel will petition the

Court for an award of attorneys' fees not to exceed Three Hundred Thirty-Three Thousand Dollars and Thirty-Three cents ($333,333.33), and for costs (including reimbursement of Class Counsel's actual expenses in this Litigation and the fees and costs of the Administrator) not to exceed Eighteen Thousand Dollars ($18,000.00). These professional fees and costs shall be paid from the Settlement Fund. So long as Class Counsel's petition does not increase the Maximum Payment amount under Sec. 3.1.2. above, Defendants will not oppose this application, including any appeal or request for reconsideration if the application is denied or modified by the Court. Class Counsel's application for attorneys' fees and costs is not part of this Agreement as between Defendants and the Class and, although an obligation solely of the Class and not Defendants, is considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Litigation. The outcome of any proceeding related to Class Counsel's application for attorneys' fees and costs shall not increase the amount of the Maximum Payment, terminate this Agreement or otherwise affect the Court's final approval of this Agreement. Any fees or costs sought by Class Counsel but not approved by the Court shall revert to the Settlement Fund.

3.3. **Tax Characterization.**

    3.3.1. The Administrator shall be responsible for preparing the individual Settlement Checks for Claimants, the checks to pay the professional fees and costs of Plaintiffs' Counsel and the checks to pay Defendants' Payroll Taxes and any other taxes due on any portion of the amount of the Settlement Checks. If the actual amount of Defendants' Payroll Taxes exceeds the Payroll Taxes Fund, the excess will be deducted from the Settlement Amount. If Defendants' Payroll Taxes are less than the amount in the Payroll Taxes Fund, any unused portion of the Payroll Taxes Fund shall revert to Defendants.

    3.3.2. Except as set forth below, settlement payments to the Class will be allocated as follows: (i) all payments calculated in consideration for time worked will be deemed back-wage payments and/or wage income, and are subject to W-2 reporting, and (ii) all payments made in consideration for liquidated damages are non-wage payments, and are subject to 1099 reporting.

    3.3.3. Class Counsel will receive IRS Forms 1099 for the payments for attorneys' fees and costs.

    3.3.4. The Administrator shall be responsible for preparing and providing all W-2 reporting and forms as well as all IRS Forms 1099.

3.4. **Tax Indemnity.**

    3.4.1. For payments received pursuant to this Agreement, Claimants assume full responsibility for any and all federal, state and local taxes or contributions that may be imposed or are required to be paid under any federal, state, or local law of any kind. The Parties believe, in good faith, that the tax treatment of all payments set forth in this Agreement is proper and in compliance with

    applicable IRS regulations.  If the IRS or any other federal, state or local government, administrative agency or court determines that any individual Claimant and/or any Defendant is liable for any failure by any Claimant and/or Defendant to pay federal, state or local income, employment or payroll taxes with respect to any payment received pursuant to this settlement, Claimants shall hold Defendants harmless and shall indemnify Defendants from any payments Defendants may be required to make (including any payments for interest and penalties) to any taxing authority resulting from any Claimant's failure to pay any tax(es) that any such individual or entity owes related to said payment(s).

    3.4.2.  If the IRS or any other federal, state or local government, administrative agency or court determines that any Defendant is liable for any failure by any Claimant to pay federal, state or local income, employment or payroll taxes with respect to any payment received pursuant to this settlement under the applicable provisions of this Section 3.4 (a "Tax Claim"), then Defendants shall give written notice of such Tax Claim to Class Counsel within seven (7) days of receipt.  Defendants and/or Defense Counsel shall provide Claimants and/or Class Counsel with a reasonable opportunity to cure such Tax Claim before making a claim for indemnity pursuant to this indemnification provision. Defendants and/or Defense Counsel shall reasonably cooperate with Claimants and/or Class Counsel, to the extent possible, to minimize the costs associated with this indemnity.

## 4. RELEASE

### 4.1. Release of Claims.

    4.1.1.  Upon issuance of the Final Order, and except as to such rights held under the Fair Labor Standards Act or claims as may be specifically created by this Agreement, each Class Member who does not opt-out of this Agreement, on his or her behalf, and on behalf of his or her respective current, former and future heirs, spouses, assignees, executors, administrators, agents, and attorneys, fully releases and discharges Defendants, Defendants' present and former parent companies, subsidiaries, related or affiliated companies, and their respective shareholders, officers, directors, employees, members, managers, fiduciaries, trustees, employee benefit plan administrators, agents, attorneys, insurers, successors and assigns, and all persons or entities acting by, through, under or in concert with any of them, and any individual, including but not limited to former and future heirs, spouses, assignees, executors, administrators, agents, and attorneys, or entity which could be jointly liable with any of them (collectively, the "Releasees"), from any and all claims for any wage-and-hour violations under federal, state, and/or local law, including but not limited to, any and all claims for unpaid wages, tips, gratuities, service charges, administrative or other mandatory charges, overtime pay, failure to maintain and furnish employees with proper wage records, meal break claims,  and all other claims that were or could have been alleged in the Litigation, whether

known or unknown, under federal, state, and/or local wage-and-hour laws (including but not limited to the NJWHL and the New Jersey Administrative Code), through the Final Effective Date of this Agreement. This release includes all claims for all damages arising from any such released claims, including but not limited to claims for liquidated damages, interest, and attorneys' fees' and costs.

4.1.2. Each Claimant forever and fully releases Defendants from all State Law Claims and all FLSA claims.

4.1.3. By operation of the entry of the Final Order and the Final Judgment and Dismissal, and except as to such rights or claims as may be created by this Agreement, each Claimant forever and fully releases Defendants from all Claims as detailed herein.

4.1.4. **No Assignment.** Class Counsel and Named Plaintiffs, on behalf of the Class and each individual Class Member, represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any Claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action.

4.1.5. **Non-Admission of Liability.** By entering into this Agreement, Defendants in no way admit any violation of law or any liability whatsoever to Named Plaintiffs and/or the Class Members, individually or collectively, all such liability being expressly denied. Likewise, by entering into this Agreement, Defendants in no way admit to the suitability of this case for class or collective action litigation other than for purposes of settlement. Rather, Defendants enter into this Agreement to avoid further protracted litigation and to resolve and settle all disputes with the Named Plaintiffs and the Class. Settlement of the Litigation, negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of this Agreement or the settlement: (a) are not, shall not be deemed to be, and may not be used as an admission or evidence of any wrongdoing or liability on the part of Defendants or of the truth of any of the factual allegations in any and all complaints filed in the Litigation; and (b) are not, shall not be deemed to be, and may not be used as an admission or evidence of fault or omission on the part of Defendants in any civil, criminal, administrative or arbitral proceeding. The Parties understand and acknowledge that this Agreement is a settlement document and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce the terms of this Agreement.

4.1.6. Except as provided in this Agreement, upon payment of the attorneys' fees, expenses, and costs approved by the Court, Plaintiffs' Counsel, all Claimants and the Class hereby irrevocably and unconditionally release, acquit, and forever discharge any claim that they may have against Defendants for attorneys' fees or costs associated with Plaintiffs' Counsel's representation of the Class. Plaintiffs' Counsel further acknowledges that any fee payments

       approved by the Court will be the full, final and complete payment of all attorneys' fees, expenses and costs associated with Plaintiffs' Counsel's representation in the Litigation and shall be paid solely from the Settlement Fund.

    4.1.7.  Notwithstanding any provision to the contrary, any Class Member who does not become a Claimant as defined herein shall not be deemed to have relinquished any rights he or she may possess under the Fair Labor Standards Act.

## 5. INTERPRETATION AND ENFORCEMENT

**5.1.** **Cooperation Between the Parties; Further Acts**.  The Parties shall reasonably cooperate with each other and shall use their reasonable best efforts to obtain the Court's approval of this Agreement and all of its terms.  Each Party, upon the request of any other Party, shall perform such further acts and shall execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

**5.2.** **Entire Agreement.**  This Agreement, together with all of the exhibits attached hereto and incorporated by reference, constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into this Agreement.

**5.3.** **Binding Effect.**  This Agreement shall be binding upon the Parties and, with respect to Named Plaintiffs and the Class, their spouses, children, representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys and assigns.

**5.4.** **Arms' Length Transaction.**  The Parties have negotiated all the terms and conditions of this Agreement at arms' length.

**5.5.** **Captions.**  The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

**5.6.** **Construction.**  The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties.  Each Party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

**5.7.** **Severability.**  If any provision of this Agreement is held to be void, voidable, unlawful or unenforceable by a court of competent jurisdiction, the remaining portions of this Agreement will remain in full force and effect.  Notwithstanding the foregoing: (i) upon any finding by a court of competent jurisdiction that the payment obligations contained in Sections 3.1 and 3.2 of this Agreement are illegal, void or unenforceable, this Agreement and the promises contained in it shall automatically be null and void *ab initio*, at which time this Agreement shall terminate and the Litigation shall resume as though this Agreement had never been made; and (ii) upon any finding by a court of competent jurisdiction that the releases contained in Section 4.1 of this Agreement are illegal, void or

unenforceable, the Claimants shall execute a release that is legal and enforceable to effectuate the terms of this Agreement.

**5.8. Governing Law.**  This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of New Jersey without regard to its choice of law provisions, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

**5.9. Continuing Jurisdiction.**  The Parties shall request the Court to retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated hereby.

**5.10. Waivers, etc. to Be in Writing**.  No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties, and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval.  Any failure by any Party to demand the strict performance by the other Party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such Party, notwithstanding such failure, shall have the right thereafter to demand the specific performance of any and all of the provisions of this Agreement.

**5.11. When Agreement Becomes Effective; Counterparts**.  This Agreement shall become effective upon its full execution and final approval by the Court. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if all Parties had signed the same instrument.

**5.12. Binding Authority of Counsel**. Defense Counsel hereby represents that they are fully authorized to bind Defendants to the terms and conditions hereof and to execute this Agreement on their behalf. Plaintiffs' Counsel hereby represents that they are currently fully authorized to bind all Named Plaintiffs and FLSA Claimants to the terms and conditions hereof and to execute this Agreement on their behalf.

**5.13. Reconocimiento en Español (Spanish Acknowledgment).**  Cada Denominado Demandante declara que su idioma principal es el español y que el abogado de ese Denominado Demandante, Arenson Dittmar & Karban ha revisado todos los términos de este Acuerdo con él en español. El Denominado Demandante comprende completamente todos los términos de este Acuerdo y los acepta voluntariamente mediante la firma a continuación. (Each Named Plaintiff represents that his primary language is Spanish and that Plaintiffs' Counsel, Arenson Dittmar & Karban has reviewed all terms of this Agreement with Named Plaintiff in Spanish.  Named Plaintiff fully understands all terms of this Agreement and voluntarily accepts them by signing below.)

**5.14. Signatures.**  This Agreement is valid and binding if signed by the Parties' authorized representatives.

5.15. **Facsimile and Email Signatures.** Any Party may execute this Agreement by causing its counsel to sign on the designated signature block below and transmitting that signature page via facsimile or email to counsel for the other party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Party whose counsel transmits the signature page by facsimile or email.

5.16. **Payroll Tax Indemnification.** The Tax Indemnity provisions of Sec. 3.4 shall continue to apply in full for any amounts, including but not limited to interest and penalties, assessed against or claimed due from any defendants for Defendants' Payroll Taxes obligations above the total amount of the Payroll Tax Fund, except that Class Counsel rather than Claimants shall indemnify Defendants for such amounts.

**INTIALS ACCEPTING 5.16:** _A M_  _VAD_
                                      AM      VAD

*{signature pages follow}*

ARENSON DITTMAR & KARBAN

By: /s/
Avi Mermelstein, Esq.
200 Park Avenue, Floor 17
New York, NY 10166
Telephone: (212) 490-3600
avi@adklawfirm.com

*Attorneys for Plaintiffs*

DEUTCH & ASSOCIATES LLC

By: /s/
Victor A. Deutch, Esq.
1000 U.S. Highway 9 North, Suite 204
Woodbridge, NJ 07095
Telephone: (732) 636-4200 Ext. 208
vdeutch@deutchassociates.com

*Attorneys for Defendants*

Dated: 5/19, 2021

RIGOBERTO ANDUX MIRABAL
_____

Dated: 5/19, 2021

GABRIEL CANO ARANGO
_____

Dated: 05-19, 2021

YOAN AQUINO MARTINEZ
_____

Dated: 5/19/2021, 2021

LUCAS PEDRONZO TOLEDO

_____

Dated: 05/19, 2021

JULIO CESAR OCHOA

_____

Dated: 05/19/202, 2021

NELSON BATISTA CORBO

_____

Dated: 05/19/2021, 2021

WILLIAM RICARDO ANTUNEZ

_____

Dated: 05-19-21, 2021

THE ESTATE OF CARLOS ALBERTO

_____
By: Lucas Pedronzo Toledo, Executor

Dated: 05/19, 2021